## ELWORTHY-HELWICK CO v LORIG

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10,125. Decided October 7, 1929

Messrs. White, Hammond, Brewer & Curtiss, Cleveland, for Elworth-Helwick Co.

Mr. A. W. Heinrich, Esq., Cleveland, for Lorig.

### VICKERY, PJ.

Now there is nothing in this record to show that Mrs. Lorig consented or agreed that the balance of the money that was due her should be applied in that manner. It is true, as it was argued, that the papers were all signed in her presence, but if one reads her testimony, it will show that it was not explained to her what the transaction was, or what the papers that had been signed were, nor did Helwick anywhere claim that he informed her that the balance of this money was to be used up in lots that her husband had purchased or was to purchase, nor is there anything in the record to show that she had agreed that this money might be so used, and if it was used, according to this record, it was used without her knowledge or consent. But the record shows that the lots were sold to her husband by contract **after** she had demanded her money upon this deal. There was not much purpose in her making a sale of this property if the entire proceeds of it should go to Elworthy-Helwick Company by way of commissions or payments upon other lots which have since been re-claimed by the company because the payments were not made. As a matter of fact the contract was taken in the name of an employe of The Elworthy-Helwick Company.

There is nothing in this record which will show that the plaintiff below either consented to the use of her money in the way that it is claimed it was used, nor were the transactions under such circumstances that she would be estopped. It is very difficult to learn just what did take place. Apparently she signed one paper, the deed, because the title was in her. The record undoubtedly shows that at the time this transaction was completed and this note was turned over to The Elworthy-Helwick Company, the company owed the palintiff below $635.75, as was figured by them then and there.

This action was brought to make The Elworthy-Helwick Company account for the money and they claimed that they had accounted for it all in the manner that has already been outlined, by the purchaser's assumption of the mortgage of $5000, by the commission that was paid

to the company, the costs of escrow, and so forth, and by the balance of the money being applied upon these lots that were purchased from The Elworthy-Helwick Company by John Lorig, the husband of this woman; but, as already stated, inasmuch as there was no evidence, either express or implied, that she consented to this sort of an arrangement, The Elworthy-Helwick Company could not appropriate her money to the payment of lots which her husband had bought of them, even though it had been done prior to her demanding the money.

We think the court below arrived at a correct and proper conclusion in this lawsuit. There being no errors in this record, the judgment will be affirmed.

Sullivan and Levine, JJ, concur.